STATE v. TOLIVER HAWKINS.

(Decided December 12, 1899.)

*Indictment—Forcible Trespass.*

1. To constitute a forcible trespass, there must be an entering or remaining on the premises of another; who is present and forbidding, with demonstration of force, tending to a breach of the peace, and calculated to intimidate or put in fear.

2. The indictment must charge the offense to have been committed not only with force and arms, but with strong hand.

INDICTMENT for forcible trespass, tried before *Coble, J.*, at Spring Term, 1899, of CLEVELAND Superior Court.

Upon the evidence the jury found the defendant guilty, and judgment was rendered against him, from which he appealed to the Supreme Court.

The evidence is stated in the opinion.

*Mr. E. Y. Webb,* for appellant.

*Mr. Alexander Stronach,* with the *Attorney-General,* for the State.

FURCHES, J.   This is an indictment for forcible trespass, and the evidence of the State is that the defendant went to the house of the prosecutrix, and that the prosecutrix was alone, except her 3-year-old child.   The defendant went in the house and sat down by the fire and asked the prosecutrix where her husband was.   She told him her husband was not at home, but had gone to the field.   The defendant was drinking, and said to her, she looked "damn sweet, and he would like to kiss her," and started towards her, and she ran out of the house. But she soon returned and told the defendant to leave, and he left.   But he cursed, and told her not to tell her husband

STATE *v.* HAWKINS.

what he had said; that it would cause her husband to come upon him; that he had as good a pistol as ever fired, and he would kill him. That he had no weapon; that she did not object to his coming in the house, and that he went out when she told him to do so.

The defendant asked the Court to charge the jury, that upon all the evidence in the case, in favor of the State, the defendant was not guilty. This prayer was refused, and in this there was error. To constitute the criminal offense of forcible trespass upon the premises of another, there must be an entry or a detention—a holding—after being forbidden to do so. To constitute this offense, it must be charged to have been committed *manu forti.* An indictment for this offense that charges it to have been committed with force and arms is defective, unless it charges it to have been committed with strong hand. This shows that there must be more than words or acts that would tend to a breach of the peace. If this were not so, every street quarrel or bar-room row would be a forcible trespass.

It is held in *State v. Ray,* 32 N. C., 39, that, to constitute this offense, "there must be demonstration of force, as with weapons or a multitude of people so as to involve a breach of the peace, or directly tend to it, and be calculated to intimidate, or put in fear." This definition has been adopted by some of the best text writers on criminal law as a correct definition, and is often quoted in our Reports. It will be seen that in no view of the evidence in this case, does it come up to this definition of forcible trespass. But the gravamen of this indictment is the entering of the house of the prosecutrix and saying and doing what the State said the defendant did. This must be so, for it will not be contended that if the defendant had said what he did to the prosecutrix on the public streets or public highway, it would have constituted a

forcible trespass. And to make it a forcible trespass on account of going into the house of the prosecutrix, there must have been an entry after being forbidden, or there must have been a holding of possession—at least a remaining in possession, after being forbidden to do so. But in this case there was neither. The prosecutrix testified that she did not forbid the defendant's coming in, and that he went out when she told him to go. The defendant acted badly, and we think was guilty of an assault, for which he seems to have been tried and convicted and fined $2.50.

We do not know what considerations influenced the Justices who tried this case. But, as the case appears to us, it looks like such a fine as this for such conduct as the defendant was guilty of, on an indictment for an assault, was a mock of justice. While we think the defendant was guilty of an assault, we do not think he was guilty of a forcible trespass.

Error. New trial.